No. 613
KEIFFER v. BAUER
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1277. Decided May 8, 1925

1066. SCINTILLA RULE—Where scintilla of evidence is shown case must be submitted to jury.

458. EMPLOYER'S LIABILITY—Employer assumes burden of making place where employee works reasonably safe, and where latter is injured by employer's negligence in that respect, defenses of contributory negligence and assumption of risk not available.

BY THE COURT.

John Bauer brought suit against George Keiffer in Franklin Common Pleas for personal injuries resulting from falling from a chimney upon a building which was in process of being repaired. Bauer claimed he was an employee of Keiffer and working under his orders, and alleged negligence on part of Keiffer in not properly protecting him as an employee.

A verdict was returned in favor of Bauer for $1200 which was set aside by the trial court as being manifestly against the weight of the evidence. A new trial was had in which a verdict for $2500 in favor of Bauer was returned. Motion for a new trial was overruled and judgment rendered on the verdict. Error was prosecuted and Keiffer claimed that Bauer himself was negligent and that he assumed the risk. The Court of Appeals held:

1. One new trial having been granted upon the weight of the evidence, a second new trial upon the same ground could not have been given by the trial court.

## STATE COURT OF APPEALS—Continued

2. The verdict as well as the special findings of the jury carries the inference that Bauer was an employee of Keiffer; consequently that fact must be taken as established in further consideration of the case.

3. There was at least a scintilla of evidence in respect to negligence of Keiffer, and the case in that respect was one to be submitted to the jury.

4. Keiffer necessarily assumed the burden of making the place where Bauer was at work reasonably safe, and upon his failure to do so, the defenses of assumption of risk and contributory negligence were not available to him in defense of an injury occasioned by his negligence in that respect.

5. Section 6245-1 GC. provides that "all questions of negligence contributory negligence and assumption of risk, shall be for the jury under instruction of the court." Judgment of lower court affirmed.

Attorneys—C. D. Saviers for Keiffer; I. H. Ruth, and O. H. Mosier for Bauer; all of Columbus.